**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | |
| ULTIMATE ACQUISITION PARTNERS, LP, *et al.*[1] | Chapter 11<br>Case No. 11-_____ (__) |
| Debtors | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. § 156(c), BANKRUPTCY RULE 2002(f) AND LOCAL RULE 2002-1(f) AUTHORIZING THE RETENTION OF KURTZMAN CARSON CONSULTANTS, LLC AS CLAIMS, NOTICING, AND BALLOTING AGENT TO THE DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion") for entry of an order, pursuant to Section 156(c) of title 28 of the United States Code ("Section 156(c)"), Rule 2002(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the retention of Kurtzman Carson Consultants, LLC ("KCC") as claims, noticing and balloting agent (the "Claims, Noticing and Balloting Agent") to the Debtors and for the Office of the Clerk for the United States Bankruptcy Court for the District of Delaware (the "Clerk's Office"). In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of F. Bruce Giesbrecht in support of Chapter 11 Petitions and First Day Pleadings ("Giesbrecht Declaration") filed concurrently herewith respectfully represent:

1 The Debtors and the last four digits of their respective tax payer identification numbers are as follows: Ultimate Acquisition Partners, LP (2837) and CC Retail, LLC (7780). The Debtors' address is 321 West 84th Avenue, Suite A, Thornton, Colorado 80260.

## BACKGROUND[2]

1. On the date hereof (the “Petition Date”), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of this bankruptcy case, is set forth in the Declaration, filed concurrently herewith and fully incorporated by reference.[3]

2. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy code sections 1107 and 1108.

3. No trustee or examiner has been appointed in this chapter 11 case, and no committee has yet been appointed or designated.

## JURISDICTION

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. sections 157(b). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. § 105(a), 28 U.S.C.§ 156(c), Bankruptcy Rule 2002(f) and Local Rule 2002-1(f).

---

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion, and the Debtors’ Chapter 11 cases are set forth in greater detail in the Giesbrecht Declaration filed on the Petition Date.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Declaration.

## RELIEF REQUESTED

5. By this Motion, the Debtors respectfully request the entry of an order authorizing them to retain and employ KCC as Claims, Noticing and Balloting Agent in these chapter 11 cases as of the Petition Date, subject to that certain agreement for services, dated as of January 26, 2011, by and between KCC and the Debtors (such agreement together with all amendments, modifications, renewals thereof and all documents ancillary thereto or otherwise entered into in connection therewith, are collectively referred to herein as the "KCC Agreement"), a copy of which is attached hereto as **Exhibit A** and incorporated by reference herein.

## BASIS FOR RELIEF

6. Pursuant to 28 U.S.C. § 156(c),[4] this Court is authorized to utilize facilities other than the Clerk's Office for the administration of bankruptcy cases, including such matters as giving notice of hearings and orders filed in these chapter 11 cases, the meeting of creditors pursuant to section 341 of the Bankruptcy Code and claims bar dates, and providing record keeping and claims docketing assistance.

7. In addition, under Bankruptcy Rule 2002-1(f), the Court may direct that a person other than the Clerk of the Court to give notice of the various matters described therein. Moreover, Local Rule 2002-1(f) requires a debtor to file an application to retain a notice and/or claims clerk within seven (7) days of the petition date in all cases with more than 200 creditors. The Debtors believe that the number of creditors in these cases will exceed that number. Therefore, for all of the foregoing reasons, the Debtors believe that the retention of KCC as the

---

[4] In relevant part, 28 U.S.C. section 156(c) provides, that "[a]ny court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the cost of such facilities or services are paid for out of the assets of the estate and are not charged to the United States."

Claims, Noticing, and Balloting Agent in these chapter 11 cases is in the best interests of the Debtors, their estates and their creditors. Furthermore, the Debtors respectfully submit that the fees and expenses that would be incurred by KCC under the proposed engagement would be administrative in nature and, therefore, should not be subject to standard fee application procedures of professionals.

8. The Debtors anticipate that there will be hundreds of entities that the Debtors will be required to serve with the various notices, pleadings, and other documents filed in these chapter 11 cases. Although the Clerk's Office ordinarily would serve notices on the Debtors' creditors and other parties in interest and administer claims against the Debtors, the Clerk's Office may not have the resources to undertake such tasks, especially in light of the sheer magnitude of the Debtors' creditor body and the tight timelines that frequently arise in chapter 11 case.

9. In consideration of the number of anticipated claimants and other parties in interest, the Debtors respectfully submit that the appointment of KCC will expedite the distribution of notices and relieve the Clerk's Office of the administrative burden of processing such notices. This retention is the most effective and efficient manner of noticing the thousands of creditors and parties in interest of the filing of these chapter 11 cases and other developments in these chapter 11 cases. In that capacity, KCC will transmit, receive, docket and maintain proofs of claim filed in connection with these chapter 11 cases.

10. KCC is a bankruptcy administrator that specializes in providing comprehensive chapter 11 administrative services including, claims processing, noticing, balloting, disbursement and other related services critical to the effective administration of chapter 11 cases. The Debtors propose to retain KCC on the terms and conditions set forth in the KCC Agreement.

11. KCC has substantial experience in matters of this size and complexity and has acted as the official notice, claims and solicitation agent in many large bankruptcy cases in this District and other districts nationwide. *See, e.g., In re Local Insight Media. Holdings, Inc., et al.*, Case No. 10-13677 (Bankr. D. Del. November 17, 2010); *In re Claim Jumper Restaurants, LLC, et al.*, Case No. 10-12819 (Bankr. D. Del. September 10, 2010); *In re Caribbean Petroleum Corp., et al.*, Case No. 10-12553 (Bankr. D. Del. August 12, 2010); *In re American Safety Razor Company, LLC, et al.*, Case No. 10-12351 (Bankr. D. Del. July 28, 2010); *In re OTC Holdings Corp.*, Case No. 10-12636 (Bankr. D. Del. August 25, 2010); *In re Specialty Packaging Holdings, Inc.*, Case No. 10-10142 (Bankr. D. Del. January 21, 2010); *In re Eddie Bauer Holdings, Inc.*, Case No. 09-12099 (Bankr. D. Del. June 18, 2009); *In re Premier Int'1 Holdings Inc.*, Case no. 09-12019 (Bankr. D. Del. June 15, 2009); *In re Visteon*, Case No. 09-11786 (Bankr. D. Del. May 29, 2009); *In re Anchor Blue Retail Group, Inc.*, Case No. 09-11770 (Bankr. D. Del. May 28, 2009); *In re Accredited Home Lender Holding Co.*, Case No. 09-11516 (Bankr. D. Del. May 6, 2009); *In re Source Interlink Cos., Inc.*, Case No. 09-11424 (KG) (Bankr. D. Del. Apr. 29, 2009); *In re Vertis Holdings, Inc., et al.*, Case No. 10-16170 (Bankr. S.D.N.Y. November 17, 2010); *In re American Media, Inc., et al.*, Case No. 10-16140 (Bankr. S.D.N.Y. November 17, 2010); *In re Loehmann's Holdings, Inc., et al.*, Case No. 10-16077 (Bankr. S.D.N.Y. November 15, 2010); *In re Ambac Financial Group, Inc.*, Case No. 10-15973 (Bankr. S.D.N.Y. November 8, 2010); *In re Black Gaming, LLC*, No. 10-13301 (Bankr. D. Nev. Mar. 5, 2010); *In re Movie Gallery, Inc.*, No. 10-30696 (Bankr. E.D. Va. Feb. 3, 2010); *In re Fleetwood Enters., Inc.*, No. 09-14254 (Bankr. C.D. Cal. Mar. 20, 2009).[5]

---

[5] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request of the Debtor's proposed counsel.

## SERVICES TO BE PROVIDED

12. Under the KCC Agreement, KCC, at the request of the Debtors or the Clerk's Office, will provide the following services as the Claims, Noticing and Balloting Agent:

(a) Prepare and serve required notices in the chapter 11 cases, including:

i. notice of the commencement of the chapter 11 cases and the initial meeting of creditors under Bankruptcy Code § 341(a);

ii. a notice of the claims bar date;

iii. notices of objections to claims and objections to transfers of claims;

iv. notices of hearings on motions filed by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee");

v. notices of transfers of claims;

vi. notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization; and

vii. such other miscellaneous notices as the Debtors or Court may deem necessary or appropriate for an orderly administration of the chapter 11 cases;

(b) Revise the creditor matrix after the objection period expires;

(c) Record any order entered by the Court which may affect a claim by making a notation on the claims register;

(d) Monitor the Court's docket for any claims related pleadings filed and making necessary notations on the claims register;

(e) File with the Clerk an affidavit or certificate of service which includes a copy of the notice, indicating the name and complete address of each party served (in alphabetical order), and the date the notice was mailed, within seven days of service;

(f) Receive, examine, and maintain copies of all proofs of claims and proofs of interest filed in the case;

(g) Maintain the official claims register (the "<u>Claims Register</u>") by docketing all proofs of claim and proofs of interest in a claims database, and file with the Court a certified duplicate unofficial Claims Register on a quarterly basis, unless otherwise directed;

(h) Specify, in the Claims Register, the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the asserted amount of the claim, if liquidated, and (v) the classification(s) of the claim (e.g., secured, unsecured, priority, etc.) according to the proof of claim, and (vi) the applicable Debtor against which the claim or interest is asserted;

(i) Implement necessary security measures to ensure the completeness and integrity of the Claims Register;

(j) Comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements;

(k) Provide temporary employees to process claims as necessary;

(l) Record all transfers of claims pursuant to Bankruptcy Rule 3001;

(m) Maintain the Claims Register for public examination without charge during regular business hours;

(n) maintain an up-to-date mailing list for the Debtors of all creditors and all entities who have filed a proof of claim or proof of interest and/or request for notices in the case, which list shall be available upon request by a party in interest or the Clerk (within 48 hours);

(o) Providing access to the public for examination of claims and the claims register at no charge;

(p) Provide balloting and solicitation services, including preparing ballots, producing personalized ballots and tabulating creditor ballots on a daily basis;

(q) Provide such other claims processing, noticing, disbursing and related administrative services as may be required from time to time by the Debtors;

(r) Promptly comply with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe; and

(s) Within 14 days of entry of an order converting a case or within 30 days of entry of a Final Decree, forward all claims and the updated claims register to the Court, along with an updated mailing list. The claims register and mailing list will be provided in both paper and on disc and in alphabetical and numerical order. The mailing list disc will be in .txt format.

13. In addition to the foregoing, KCC will assist with, among other things: (a) maintaining and updating the master mailing lists of creditors; (b) to the extent necessary, gathering data in conjunction with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs; (c) tracking and administration of claims; and (d) performing other administrative tasks pertaining to the administration of the chapter 11 cases, as may be requested by the Debtors or the Clerk's Office.

14. KCC will follow the notice and claim procedures that conform to the guidelines promulgated by the Clerk of the Court and the Judicial Conference of the United States, and as may be entered by the Court's order.

**KCC'S DISINTERESTEDNESS**

15. Attached as **Exhibit B** and incorporated herein by reference is the Affidavit of Albert Kass (the "Kass Affidavit"), Vice President of Corporate Restructuring Services. Except to the extent specifically disclosed in the Kass Affidavit, KCC is not connected with the Debtors, their creditors, the Office of the United States Trustee for the District of Delaware or any person employed by the Office of the United States Trustee for the District of Delaware. Although the Debtors do not propose to retain KCC under § 327 of the Bankruptcy Code, to the best of KCC's knowledge, and except as set forth in the Kass Affidavit, KCC neither holds nor represents any interest materially adverse to the Debtors' estate on matters for which it is to be retained or employed and that it is a "disinterested person" as referenced in section 327(a) of the Bankruptcy Code and as defined in section 101(14) and modified by section 1107(b) of the Bankruptcy Code. KCC may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which KCC serves or has served in a neutral capacity as claims and noticing agent for another chapter 11 debtor.

16. As set forth in the Kass Affidavit, KCC represents, among other things, that:

(a) KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims, Noticing and Balloting Agent in this chapter 11 case;

(b) by accepting employment in this chapter 11 case, KCC waives any rights to receive compensation from the United States government;

(c) in its capacity as the Claims, Noticing and Balloting Agent in this chapter 11 case, KCC will not be an agent of the United States and will not act on behalf of the United States; and

(d) KCC will not employ any past or present employees of the Debtors in connection with its work as the Claims, Noticing and Balloting Agent in this chapter 11 case.

17. Should KCC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will use reasonable efforts to file promptly a supplemental affidavit.

**COMPENSATION**

18. The Debtors propose that the cost of KCC's services be paid from the Debtors' estate as provided by 28 U.S.C. § 156(c) and 11 U.S.C. § 503(b)(1)(A). The Debtors respectfully submit that KCC's rates for its services in connection with the notice, claims processing and solicitation services are competitive and comparable to the rates charged by its competitors for similar services.

19. Furthermore, the Debtors respectfully request that the fees and expenses of KCC incurred in the performance of the above services be treated as an administrative expense of the Debtors' chapter 11 estate and be paid by the Debtors in the ordinary course of business without the need for KCC to file any fee applications or otherwise seek court approval for compensation

for its services and reimbursement of its expenses.[6] KCC will serve monthly invoices on the Debtors, counsel for the Debtors, the Office of the United States Trustee, the DIP Lender, and any official committees that may be appointed in this case. If any dispute arises between KCC and the Debtors with respect to fees and expenses that cannot be resolved by KCC and the Debtors, such dispute shall be presented to the Court for resolution thereof. Prior to the filing of these chapter 11 cases, the Debtors' paid KCC a retainer of $15,000.

20. In the event these cases are converted to a case under chapter 7 of the Bankruptcy Code, the Debtors request that KCC continue to be paid for its services until the claims filed in this case have been completely processed, and that if claims agent representation is necessary in the converted chapter 7 case, KCC would continue to be paid in accordance with Section 156(c).

21. For all of the foregoing reasons, the Debtors believe that the appointment of KCC as the Claims, Noticing and Balloting Agent is in the best interests of the Debtors, their estate, their creditors and other parties in interest.

**NOTICE**

22. The Debtors shall provide notice of this Motion by facsimile, email and/or overnight mail to: (i) the Office of the U.S. Trustee for the District of Delaware; (ii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) the agent for Debtors' prepetition lender; (iv) counsel to the Debtors' prepetition lender; (v) the Internal Revenue Service; (vi) the Office of the United States Attorney for the District of Delaware; and (vi) applicable state regulatory authorities. As this Motion is seeking first-day relief, notice of this Motion and any other entered hereon will be served on all parties by Local Rule 9013-1(m).

---

[6] As an administrative agent and an adjunct to the Court, the Debtors do not believe that KCC is a "professional" whose retention is subject to approval under Section 327 of the Bankruptcy Code or whose compensation is subject to approval of the Court under Sections 330 and 331 of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith, granting the relief requested in the Motion and such other and further relief as may be just and proper.

CAMPBELL & LEVINE, LLC

By: /s/ *Mark T. Hurford*
Mark T. Hurford (DE No. 3299)
Kathleen Campbell Davis (DE No. 4229)
800 N. King St., Ste. 300
Wilmington, DE 19801
(302) 426-1900
(302) 426-9947 (facsimile)
mhurford@camlev.com
kdavis@camlev.com

and

JAFFE, RAITT, HEUER & WEISS, P.C.
Jay L. Welford (P34471)
Judith Greenstone Miller (P29208)
Proposed Counsel for the Debtor
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
(248) 351-3082 (facsimile)
jwelford@jaffelaw.com
jmiller@jaffelaw.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

Dated: January 26, 2011
Wilmington, Delaware