IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ULTIMATE ACQUISITION PARTNERS, LP, et al.,[1] <br><br>     Debtors. | Chapter 7 <br><br> Case No. 11-10245 (MFW) <br><br> Jointly Administered |

**MOTION OF CHAPTER 7 TRUSTEE (I) FOR AN ORDER TO CONTINUE ESTATES' RETENTION OF RE/MAX NORTHWEST, INC. AS REAL ESTATE AGENT PURSUANT TO 11 U.S.C. §§ 105(a), 327(a) AND 328(a), AND (II) FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING SALE OF REAL PROPERTY KNOWN AS 9499 GRAY WESTMINSTER, COLORADO 80031, FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") hereby moves (the "Motion") the Court (i) for entry of an order to continue the estates' retention of RE/MAX Northwest, Inc. as real estate agent, pursuant to 11 U.S.C. §§ 105(a), 327(a), and 328(a), and authorizing payment of the commission, without further court approval, and (ii) for an order, pursuant to 11 U.S.C. §§ 105(a) and 363(b), authorizing him to sell (the "Sale") real property known as 9499 Gray Westminster, Colorado 80031 (the "Property"), by private sale in accordance with the purchase and sale agreement (the "Agreement") dated May 8, 2011. A copy of the Agreement is attached to this Motion as Exhibit A. In support of the Motion, the Trustee respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Ultimate Acquisition Partners, LP (2837) and CC Retail, LLC (7780). The Debtors' address is 321 West 84th Avenue, Suite A, Thornton, Colorado 80260.

## Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein is sections 105(a), 327(a), 328(a), and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4. On January 26, 2011 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).

5. On March 25, 2011, the Debtors filed the Application for Order Authorizing Employment of RE/MAX Northwest, Inc. as Real Estate Agent to the Debtors Nunc Pro Tunc to March 14, 2011 (the "Retention Application") [Docket No. 455]. On April 8, 2011, the Court entered an order granting the Retention Application (the "Retention Order") [Docket No. 606]. A copy of the Retention Application and the Retention Order are attached to this Motion as Exhibit B.

6. The Debtors had been using cash collateral during the Chapter 11 Cases pursuant to the Final Cash Collateral Oder [Docket No. 363], by which their secured lender, General Electric Capital Corporation ("GECC"), allowed the Debtors' to use cash collateral

through April 29, 2011. GECC terminated it consent to the Debtors' further use of cash collateral beyond April 29, 2011. Accordingly, the Debtors filed a motion to convert the Chapter 11 Cases to Chapter 7 Cases.

7. On May 3, 2011, the Court entered an order converting these Chapter 11 Cases to Chapter 7 Cases [Docket No. 737].

8. On May 4, 2011, Alfred T. Giuliano was appointed as the Chapter 7 Trustee [Docket No. 742].

9. The Trustee has begun the process of locating, inventorying, and liquidating property of the Debtors' estates. As indicated in the Retention Application, the Debtors were seeking to sell the Property during the course of the Chapter 11 Cases, and, in furtherance of that effort, retained RE/MAX Northwest, Inc. ("RE/MAX") pursuant to the Retention Application.

10. One of the assets the Trustee is seeking to liquidate is the Property located at 9499 Gray Westminster, Colorado 80031, which is owned by the Debtors' estates

11. The Trustee believes that continuing with the employment of RE/MAX and the Sale of the Property is in the best interests of the Debtors' estates and their creditors. RE/MAX has been marketing the Property since its employment in the Chapter 11 Cases and has received an offer from the Buyer[2] (as defined below) to purchase the Property for $260,000 and to purchase certain furniture of the Debtors' estates for $5,000 (the "Personalty"), on an "as is, where is" basis (collectively, the "Offer").

---

[2] The Buyer is Frederick Meyer, and, to the Trustee's knowledge, is unrelated, either directly or indirectly, to the Trustee, counsel for the Trustee, the Debtors, or any other significant party-in-interest in the case.

12. RE/MAX has informed the Trustee that the Offer represents fair market value for the Property and Personalty subject to the Offer and is the highest and best offer received as a result of RE/MAX's marketing efforts.

### Terms of the Sale[3]

13. The terms of the Sale are set forth in the Agreement. The Trustee summarizes the principal terms of the Sale below:

| | |
|---|---|
| Purchase Price: | $260,000.00 |
| Terms: | $230,000.00 cash payment due at the time of closing |
| Deposit: | $30,000.00 in earnest money held in escrow and paid at the time of closing as a credit towards the purchase price |
| Closing: | On or before June 24, 2011 |

14. As part of the Sale and the Agreement, the Trustee has also agreed to sell the Personalty (e.g., the furniture located in the Property) on an "as is, where is" to the Buyer for an additional $5,000.

### Relief Requested

15. Through this Motion, the Trustee seeks the entry of an order, pursuant to sections 105(a), 327(a), and 328(a) of the Bankruptcy Code, authorizing the continued retention and employment of RE/MAX on the same terms and conditions as previously authorized by the Retention Order, and authorizing payment of the commission to RE/MAX at the closing of the Sale, without further court approval, on the same terms and conditions as previously authorized by the Retention Order. The Trustee believes that incorporating the relief sought into a single,

---

[3] The terms of the Sale are fully stated in the Agreement attached hereto as Exhibit A and are incorporated herein by reference. To the extent there is any inconsistency between the summary set forth in this Motion and the Agreement, the terms of the Agreement control.

combined motion is appropriate in these circumstances because of (i) the discrete nature of the services performed by RE/MAX, (ii) the fact that such services have concluded, and (iii) the Trustee desire to minimize the amount of attorney's fees, court time, that need to be incurred in connection with drafting and filing a separate retention application pursuant to sections 327(a) and 328(a) of the Bankruptcy Code when RE/MAX has continued its efforts to market the Property for Sale and its employment and terms of retention were already approved by the Court during the course of the Chapter 11 Cases.

16. The Trustee also seeks entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004, authorizing and approving the Sale of the Property by private sale to the Buyer, on substantially the same terms as indicated in the Agreement, free and clear of all liens, claims, encumbrances, and interests.

## Basis for Relief

17. Section 105(a) of the Bankruptcy Code states, in pertinent part, that "[t]he court may issue any order or process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 327(a) of the Bankruptcy Code provides that a trustee "may employ one or more ... professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a). Section 328(a) of the Bankruptcy Code provides that a trustee, with the court's approval may employ a professional person under section 327 "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

18. The Bankruptcy Code provides that a trustee or debtor-in-possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, bankruptcy courts routinely authorize sales of estate assets if such sale is based upon the sound business judgment of the trustee. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999).

19. Courts examine four factors in determining whether a sound business purpose or justification exists under section 363(b) of the Bankruptcy Code: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration will be provided; (iii) whether the transaction has been proposed and negotiated in good faith; and (iv) whether adequate and reasonable notice has been provided. *See In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991). As set forth below, each of these requirements has been satisfied under the facts and circumstances of these Cases.

20. First, the proposed sale of the Property is supported by the Trustee's sound business judgment. The Trustee needs to liquidate the Property in order to reduce its value to cash for the benefit of creditors, and to eliminate any costs and expenses attributable to the Property.

21. Second, the Trustee will receive fair and reasonable consideration for the Buyer's purchase of the Property in light of current market conditions. The Property was

marketed for sale in the normal course through a real estate broker. The purchase price of $260,000 for the Property and the $5,000 for the Personalty is the highest and best offer received for the Property. If approved by the Court, the Sale of the Property will generate critical cash to the estates, which currently has little to no money available for creditors. In light of the marketing efforts and the condition of the Property, the Trustee submits that the proposed purchase price of $260,000 for the Property and the $5,000 for the Personalty constitutes fair and reasonable consideration.

22. Third, the Sale has been proposed and negotiated in good faith, and is the result of arm's length bargaining between the Trustee and the Buyer, through their respective real estate brokers.

23. Fourth, the Trustee submits that notice of the Sale is adequate under the facts and circumstances of these Cases. As noted above, the Property was marketed for sale through a real estate broker experienced with sales in the local area. The Trustee submits that the marketing efforts and notice of the Sale were adequate under the facts and circumstances of these Cases. Moreover, notice of the Sale will also be provided to the Notice Parties (defined below) by way of this Motion.

### Consent from GECC

24. The Trustee has reached an agreement with the Debtors' secured lender, GECC. GECC consents to the filing of this Motion and to the Sale of the Property and Personalty.

## Notice

25. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) the Buyer; (d) the Buyer's real estate broker; and (e) those persons who have requested notice pursuant to Bankruptcy Rule 2002.

## No Prior Request

26. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) to continue the estates' retention of RE/MAX Northwest, Inc. as real estate agent, pursuant to 11 U.S.C. §§ 105(a), 327(a), and 328(a), and authorizing payment of the commission to RE/MAX at the closing of the Sale, as previously authorized, without further court approval, and (ii) authorizing and approving the Sale of the Property to the Buyer on substantially the same terms as indicated in the Agreement, pursuant to 11 U.S.C. §§ 105(a) and 363(b), and granting such other relief as is just and proper.

Dated: June 9, 2011                          PACHULSKI STANG ZIEHL & JONES LLP

_____
Bradford J. Sandler (Bar No. 4142)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
       pkeane@pszjlaw.com

Counsel for the Chapter 7 Trustee