IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ULTIMATE ACQUISITION<br>PARTNERS, LP, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 11-10245 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket No. 867** |

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE (I) FOR AN ORDER TO CONTINUE ESTATES' RETENTION OF RE/MAX NORTHWEST, INC. AS REAL ESTATE AGENT PURSUANT TO 11 U.S.C. §§ 105(a), 327(a) AND 328(a), AND (II) FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING SALE OF REAL PROPERTY KNOWN AS 9499 GRAY WESTMINSTER, COLORADO 80031, FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), seeking entry of an order (i) to continue the estates' retention of RE/MAX Northwest, Inc. as real estate agent, pursuant to 11 U.S.C. §§ 105(a), 327(a), and 328(a), as indicated in the Retention Application and as approved by the Retention Order, and authorizing payment of the commission due without further court approval, and (ii) for an order, pursuant to 11 U.S.C. §§ 105(a) and 363(b), authorizing the Trustee to sell (the "Sale") real property known as 9499 Gray Westminster, Colorado 80031, on substantially the same terms as indicated in the Agreement, free and clear of all liens, claims, encumbrances, and interests, and it appearing that the relief requested is in the best interests of the Debtors' estates and creditors; and it appearing that this

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Ultimate Acquisition Partners, LP (2837) and CC Retail, LLC (7780). The Debtors' address is 321 West 84th Avenue, Suite A, Thornton, Colorado 80260.

[2] All capitalized terms not defined herein are to retain the definition given to them in the Motion.

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Motion is GRANTED.

2. The Trustee is authorized to continue to employ RE/MAX Northwest, Inc., on the same terms and conditions as set forth in the Retention Application and the Retention Order.

3. The Sale of the Property and the Personalty is hereby APPROVED on substantially the same terms as indicated in the Agreement, and the Trustee is hereby authorized to sell the Property and the Personalty free and clear of liens, claims, and encumbrances, and the Sale shall be free and clear of liens, claims, and encumbrances.

4. As provided in the Agreement, upon closing of the Sale, the Buyer, on his own behalf and on behalf of his respective heirs, descendants, administrators, executors, agents, representatives and assigns, shall and do fully and forever release and discharge the Trustee, the Debtors' estates, and each of their respective creditors, employees, officers, directors, agents and attorneys, successors and assigns, from any and all claims, causes of action, rights, liabilities, obligations, lawsuits and demands of any kind or nature arising out of any action or inaction at any time, whether known or unknown, asserted or unasserted.

5. The Trustee is authorized to pay the commission to RE/MAX Northwest, Inc., at the closing of the Sale, on the same terms and conditions as set forth in the Retention Application and the Retention Order, without further court approval.

6.  The Trustee is authorized to take all actions necessary to implement the relief granted in this Order.

7.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

8.  Notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: _June 16_, 2011

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge