IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ULTIMATE ACQUISITION<br>PARTNERS, LP, *et al.*,[1]<br><br>                Debtors. | Chapter 7<br><br>Case No. 11-10245 (MFW)<br><br>Jointly Administered<br><br>Re: Docket Nos. 864, 889, 933 |

**ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO SELL DE MINIMUS ASSETS –
FORKLIFTS -- IN ACCORDANCE WITH SALE NOTICE**

Upon consideration of the (1) Motion[2] of Alfred T. Giuliano, the Chapter 7 Trustee, to Sell De Minimus Assets of the Estates pursuant to 11 U.S.C. §§ 105(a) and 363(b) (the "Motion") [Docket No. 864], and (2) the order by the Court in connection therewith (the "Order") [Docket No. 889], and (3) the Notice of Proposed Sale of Certain De Minimus Assets – Forklifts (the "Notice") [Docket No. 933] in accordance with the Order; and the Court having determined that the relief requested in the Notice is appropriate; and it appearing that notice of the proposed sale was sufficient under the circumstances; and upon the record herein; and after due deliberation thereon and good and sufficient cause appearing therefor,

NOW, THEREFORE, IT HS HEREBY FOUND AND DETERMINED THAT:

    1.    Subject to approval by the Court, the Trustee entered into an agreement to sell certain miscellaneous personal property – forklifts – identified in the Notice (the "Asset Sale").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Ultimate Acquisition Partners, LP (2837) and CC Retail, LLC (7780). The Debtors' address is 321 West 84th Avenue, Suite A, Thornton, Colorado 80260.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

DOCS_DE:171662.1 31259-001

2.     The Trustee filed the Notice with the Court on July 12, 2011, which included a description of the property proposed to be sold and the other information required by the Motion and the Order.

3.     The Trustee then filed with the Court a certificate of no objection stating that the objection deadline has passed and no objections to the proposed sale have been received.

4.     The Trustee has complied with the sale procedures identified in the Motion.

IT IS HEREBY ORDERED THAT:

5.     The Asset Sale is approved.

6.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 and 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 21, 2011

The Honorable Mary F. Walrath
United States Bankruptcy Judge