IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ULTIMATE ACQUISITION<br>PARTNERS, LP, et al.,[1]<br><br>    Debtors. | Chapter 7<br><br>Case No. 11-10245 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 1181 & 1677** |

Objection Deadline: May 18, 2015, at 4:00 p.m. (EST)
Hearing Date: June 3, 2015, at 2:00 p.m. (EST)

## CHAPTER 7 TRUSTEE'S MOTION TO FURTHER CLARIFY AND APPROVE AGREED EMPLOYMENT TERMS OF F. BRUCE GIESBRECHT REGARDING DRAM CLASS ACTION CLAIM

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") hereby moves (the "Motion") for an order further clarifying and approving the agreed employment terms of F. Bruce Giesbrecht ("Giesbrecht") pursuant to sections 105(a) and 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code") regarding submission of a claim in the DRAM class action (the "DRAM Action"). In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Ultimate Acquisition Partners, LP (2837) and CC Retail, LLC (7780). The Debtors' address is 321 West 84th Avenue, Suite A, Thornton, Colorado 80260.

3. The statutory bases for the relief requested in this Motion are 11 U.S.C. §§ 105(a) and 364.

## Background

4. On January 26, 2011 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases were jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).

5. On May 3, 2011, the Court entered an order converting these Chapter 11 Cases to Chapter 7 Cases [Docket No. 737].

6. On May 4, 2011, Alfred T. Giuliano was appointed as the Chapter 7 Trustee [Docket No. 742].

7. On June 9, 2011, the Trustee filed the *Motion for Authority to Hire Independent Contractors for Basic Transition Services Pursuant to 11 U.S.C. Section 105(a) and to Pay for Such Services and De Minimus Expenses Associated with Such Services Pursuant to U.S.C. Sections 503(b)(1)(A) Without Further Court Order* [Docket No. 866] (the "First Independent Contractor Motion"). On June 16, 2011, the Court entered an order approving the First Independent Contractor Motion [Docket No. 890] (the "First Independent Contractor Order").

8. Pursuant to the First Independent Contractor Motion and the First Independent Contractor Order, the Trustee utilized the services of certain former employees of the Debtors, including Giesbrecht (the Debtors' former CEO), to render ordinary course of business services, at his discretion, that were essential to the Trustee's duties in administering and liquidating the Debtors' estates. However, pursuant to the First Independent Contractor

Motion, the Trustee anticipated and sought approval for such assistance for only approximately four to six weeks.

9. When the continued need for Giesbrecht and certain other independent contractors became clear, the Trustee filed on September 1, 2011, the *Chapter 7 Trustee's Motion to Continue Employment of F. Bruce Giesbrecht and Independent Contractors for Assistance with Certain Liquidation Services Pursuant to 11 U.S.C. § 105(a) and to Pay for Such Services Pursuant to 11 U.S.C.§ 503(b)(1)(A), without Further Court Order* (the "Second Independent Contractor Motion") [Docket No. 1166]. On September 8, 2011, the Court entered an order approving the Second Independent Contractor Motion (the "Second Independent Contractor Order") [Docket No. 1181].

10. Pursuant to the Second Independent Contractor Order, the Trustee was authorized to pay Giesbrecht, *inter alia*, the "percentage-based compensation, as requested in the Motion, without further order of this Court." (Second Independent Contractor Order ¶ 4). The Second Independent Contractor Motion described the "percentage-based compensation" as "10% of any future collections on rebates and account receivables due to the Debtors estates', subject to the Trustee's final approval and discretion." (Second Independent Contractor Motion ¶ 13).

11. Thereafter, Giesbrecht and the Trustee has occasion to consider whether the authorized 10% should be paid upon the gross recovery or the net recovery, and they collectively concluded that, based on the circumstances at that time, the 10% should be paid net of fees and expenses incurred in connection with collection efforts. By the *Chapter 7 Trustee's Motion to Clarify and Approve Agreed Employment Terms of F. Bruce Giesbrecht* (the "First Clarification Motion") [Docket No. 1670], the Trustee sought approval of that interpretation, which was granted by the Court's *Order Granting Chapter 7 Trustee's Motion to Clarify and*

*Approve Agreed Employment Terms of F. Bruce Giesbrecht* (the "First Clarification Order") [Docket No. 1677].

12. Giesbrecht's employment by the Trustee has continued, and, with respect to the matters in which he has been employed, he has been compensated in accordance with the terms fixed in the First Clarification Order.

13. Recently, the Trustee has received notice of, and has determined that the Debtors' estates may have a claim in, the DRAM Action, which is an antitrust class action filed by certain plaintiffs and state attorneys general against various DRAM manufacturers. DRAM is a memory part that is sold by itself or as part of electronic devices such as computers, printers, and video game consoles. The DRAM Action is pending in the United States District Court for the Northern District of California (Oakland Division), Case No. M-02-1486-PJH (MDL No. 1486), captioned *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation.*

14. The Trustee believes the Debtors' estates may have a claim in the DRAM Action that may result in a recovery of approximately $1 million to $2 million. The Trustee, however, needs Giesbrecht's personal knowledge and expertise and substantial and extensive involvement in the Debtors' prepetition business, to prepare and submit a claim in the DRAM Action.

15. The Trustee has therefore determined in the exercise of his business judgment, subject to Court approval, that it is fair and reasonable under the circumstances to pay Giesbrecht 10% of any gross recovery in the DRAM Action that the estates may receive.

### Relief Requested

16. By this Motion, the Trustee seeks authority under sections 105(a) and 503(b)(1)(A) of the Bankruptcy Code, and in modification of the Second Independent Contractor

Order and the First Clarification Order, to pay Giesbrecht 10% of any gross recovery received by the Debtors' estates in the DRAM Action.

### Basis for Relief

17. Giesbrecht's employment and compensation, including the "percentage-based compensation" without further order of the Court, has been previously approved in connection with the Second Independent Contractor Order and in accordance with section 105(a) and 503(b)(1)(A) of the Bankruptcy Code but such compensation was limited to "any future collections on rebates and account receivables due to the Debtors estates'." (Second Independent Contractor Motion ¶ 13). Out of an abundance of caution, the Trustee brings this Motion to clarify the agreed terms of Giesbrecht's employment and compensation specifically regarding the DRAM Action.

18. Section 105(a) of the Bankruptcy Code provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title . . . shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules.

11 U.S.C. § 105(a). Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Although not limitless, this section has also been construed to give bankruptcy courts authority to provide equitable relief appropriate to assure the orderly conduct of bankruptcy proceedings. *See, e.g., In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004). In addition, wages for post-petition services qualify as administrative claims entitled

to priority under section 503(b)(1)(A). *See In re Continental Airlines, Inc.*, 148 B.R. 207, 212 (D. Del. 1992) (only wages for services rendered post-petition receive priority under section 503(b)(1)(A)); COLLIER ON BANKRUPTCY ¶ 503.06[7][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011) ("Those expenses for wages, salaries or commissions incurred postpetition in an effort to preserve the estate or operate the debtor's business qualify as administrative expenses.").

19. As part of their duties in administering the estate, chapter 7 trustees often need the services of employees or independent contractors to operate, manage, or assist in winding down the Debtors' businesses. COLLIER ON BANKRUPTCY ¶ 503.06[7][b] ("If necessary to preserve the estate, the trustee or debtor in possession may hire employees to operate and manage the debtor's business. Employees may include the debtor's former personnel or the individual debtor. . . . In addition, retaining or hiring employees is often necessary in liquidating chapter 11 plans and in certain chapter 7 liquidations."). To induce those to serve post-petition and to help preserve the estate, payment for such services should qualify as an administrative expense entitled to priority under section 503(b)(1)(A).

20. The Trustee believes that the compensation requested herein, with which Giesbrecht agrees, is consistent with the spirit of the relief previously granted in the Second Independent Contractor Order and the First Clarification Order and the intent of the parties. The Trustee submits that the requested relief is appropriate and necessary under the Bankruptcy Code in order to fairly compensate Giesbrecht for services rendered in connection with submission of a claim in the DRAM Action and any recovery received.

## Notice

21. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; and (c) Giesbrecht.

## Conclusion

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion and enter an order, substantially in the form attached hereto, (i) authorizing the payment of the requested compensation to Giesbrecht; and (ii) and granting such other and further relief as is just and proper.

Dated: May 4, 2015

PACHULSKI STANG ZIEHL & JONES LLP

_____
Bradford J. Sandler (DE Bar No. 4142)
Michael R. Seidl (DE Bar No. 3889)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  bsandler@pszjlaw.com
          mseidl@pszjlaw.com
          pkeane@pszjlaw.com

Counsel to the Chapter 7 Trustee