IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) | |
| ULTIMATE ACQUISITION PARTNERS, LP, *et al.*,[1] | ) ) ) | Chapter 7 |
| | ) ) | Case No. 11-10245 (MFW) |
| Debtors. | ) ) | Jointly Administered |
| | ) ) | Re: Docket No. 1856 |
| | ) | |

### ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR AN ORDER APPROVING SETTLEMENT WITH GENERAL ELECTRIC COMPANY, AS SUCCESSOR BY MERGER TO GENERAL ELECTRIC CAPITAL CORPORATION

Upon consideration of the *Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlement with General Electric Company, as Successor by Merger to General Electric Capital Corporation* (the "Motion")[2]; and the notice of the Motion having been adequate; and sufficient legal and factual bases existing for the relief requested, and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2); and the Court finding that the Settlement was negotiated at arm's length and entered into in good faith by the parties and the consideration to be received by the estates is fair and reasonable, it is hereby

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Ultimate Acquisition Partners, LP (2837) and CC Retail, LLC (7780). The Debtors' address is 321 West 84th Avenue, Suite A, Thornton, Colorado 80260.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

ORDERED that the Motion is GRANTED and the settlement agreement attached as <u>Exhibit A</u> to the Motion is hereby approved pursuant to Bankruptcy Rule 9019; and it is further

ORDERED that neither the Settlement nor this Order in any way waives, releases, prejudices or otherwise affects: (i) any claims, causes of action, defenses or rights that the City of Thornton may have against the Debtors' estates, the GE Releasees or the Trustee Releasees (each, a "<u>Settlement Party</u>"), whether known or unknown; (ii) any debts, obligations, judgments or liability to the City of Thornton by any Settlement Party, whether known or unknown; (iii) the City of Thornton's ability to collect from any Settlement Party any amounts owed presently or in the future; (iv) any claims, causes of action, defenses or rights that any Settlement Party may have against the City of Thornton, whether known or unknown; (v) any debts, obligations, judgments or liability to any Settlement Party by the City of Thornton, whether known or unknown; or (vi) any Settlement Party's ability to collect from the City of Thornton any amounts owed presently or in the future; and for the avoidance of doubt, the City of Thornton denies it has any liability to any of the Settlement Parties in any respect and reserves the right to contest any claim made by any Settlement Party against the City of Thornton.

Dated: Oct. 19, 2016

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

2