IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ULTIMATE ACQUISITION<br>PARTNERS, LP, *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 7<br><br>Case No. 11-10245 (MFW)<br><br>Jointly Administered |

Objection Deadline: November 29, 2018, at 4:00 p.m. (EST)
Hearing Date: December 12, 2018, at 2:00 p.m. (EST)

### CHAPTER 7 TRUSTEE'S MOTION TO APPROVE AGREED COMPENSATION TERMS OF F. BRUCE GIESBRECHT REGARDING ADDITIONAL CLASS ACTION CLAIM RECOVERIES

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") hereby moves (the "Motion") for an order approving the agreed compensation terms of F. Bruce Giesbrecht ("Giesbrecht") pursuant to sections 105(a) and 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code") regarding certain class action claim recoveries anticipated by the Debtors' estates in: (a) the Optical Disk Drive Antitrust Litigation (the "ODD Action"); (b) the Cathode Ray Tube (CRT) Antitrust Litigation (the "CRT Action"); and (c) any future class action or similar claim recoveries that the Debtors' estates may receive, at the Trustee's discretion and without the requirement of further court approval. In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction

1.　　This Court has jurisdiction over this Motion under 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District*

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Ultimate Acquisition Partners, LP (2837) and CC Retail, LLC (7780). The Debtors' address is 321 West 84th Avenue, Suite A, Thornton, Colorado 80260.

*of Delaware* dated February 29, 2012. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.   The statutory bases for the relief requested in this Motion are 11 U.S.C. §§ 105(a) and 503(b).

## Background

4.   On January 26, 2011 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases were jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).

5.   On May 3, 2011, the Court entered an order converting these Chapter 11 Cases to Chapter 7 Cases [Docket No. 737].

6.   On May 4, 2011, Alfred T. Giuliano was appointed as the Chapter 7 Trustee [Docket No. 742].

7.   On June 9, 2011, the Trustee filed the *Motion for Authority to Hire Independent Contractors for Basic Transition Services Pursuant to 11 U.S.C. Section 105(a) and to Pay for Such Services and De Minimus Expenses Associated with Such Services Pursuant to*

*U.S.C. Sections 503(b)(1)(A) Without Further Court Order* [Docket No. 866] (the "First Independent Contractor Motion"). On June 16, 2011, the Court entered an order approving the First Independent Contractor Motion [Docket No. 890] (the "First Independent Contractor Order").

8. Pursuant to the First Independent Contractor Motion and the First Independent Contractor Order, the Trustee utilized the services of certain former employees of the Debtors, including Giesbrecht (the Debtors' former CEO), to render ordinary course of business services, at his discretion, that were essential to the Trustee's duties in administering and liquidating the Debtors' estates. However, pursuant to the First Independent Contractor Motion, the Trustee anticipated and sought approval for such assistance for only approximately four to six weeks.

9. When the continued need for Giesbrecht and certain other independent contractors became clear, the Trustee filed on September 1, 2011, the *Chapter 7 Trustee's Motion to Continue Employment of F. Bruce Giesbrecht and Independent Contractors for Assistance with Certain Liquidation Services Pursuant to 11 U.S.C. § 105(a) and to Pay for Such Services Pursuant to 11 U.S.C.§ 503(b)(1)(A), without Further Court Order* (the "Second Independent Contractor Motion") [Docket No. 1166]. On September 8, 2011, the Court entered an order approving the Second Independent Contractor Motion (the "Second Independent Contractor Order") [Docket No. 1181].

10. Pursuant to the Second Independent Contractor Order, the Trustee was authorized to pay Giesbrecht, *inter alia*, the "percentage-based compensation, as requested in the Motion, without further order of this Court." (Second Independent Contractor Order ¶ 4). The Second Independent Contractor Motion described the "percentage-based compensation" as "10%

of any future collections on rebates and account receivables due to the Debtors estates', subject to the Trustee's final approval and discretion." (Second Independent Contractor Motion ¶ 13).

11. Thereafter, Giesbrecht and the Trustee had occasion to consider whether the authorized 10% should be paid upon the gross recovery or the net recovery, and they collectively concluded that, based on the circumstances at that time, the 10% should be paid net of fees and expenses incurred in connection with collection efforts. By the *Chapter 7 Trustee's Motion to Clarify and Approve Agreed Employment Terms of F. Bruce Giesbrecht* (the "First Clarification Motion") [Docket No. 1670], the Trustee sought approval of that interpretation, which was granted by the Court's *Order Granting Chapter 7 Trustee's Motion to Clarify and Approve Agreed Employment Terms of F. Bruce Giesbrecht* (the "First Clarification Order") [Docket No. 1677].

12. Giesbrecht's employment by the Trustee has continued, and, with respect to the matters in which he has been employed, he has been compensated in accordance with the terms fixed in the First Clarification Order.

13. On May 4, 2015, the Trustee filed the *Chapter 7 Trustee's Motion to Further Clarify and Approve Agreed Employment Terms of F. Bruce Giesbrecht Regarding DRAM Class Action Claim* (the "DRAM Action Motion") [Docket No. 1817], seeking a modification of the Second Independent Contractor Order and the First Clarification Order, to pay Giesbrecht 10% of any gross recovery received by the Debtors' estates in the "DRAM Action." The DRAM Action is a class action antitrust lawsuit pending in the United States District Court for the Northern District of California (Oakland Division), Case No. M-02-1486-PJH (MDL No. 1486), captioned *In re Dynamic Random Access Memory (DRAM) Antitrust*

*Litigation*. On June 10, 2015, the Court entered an order approving the DRAM Action Motion (the "<u>DRAM Action Order</u>") [Docket No. 1830].

14. The Trustee has also submitted claims in two other pending class actions on behalf of the Debtors' estates: (a) the ODD Action, an antitrust class action litigation pending in California federal court, captioned *In re: Optical Disk Drive Antitrust Litigation*, Case No. 3:10-md-2143-RS, in the U.S. District Court for the Northern District of California, San Francisco Division; and (b) the CRT Action, an antitrust class action pending in California federal court, captioned *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. C-07-599-JST (MDL No. 1917), in the U.S. District Court for the Northern District of California, San Francisco Division.

15. The Trustee has therefore determined in the exercise of his business judgment, subject to Court approval, that it is fair and reasonable under the circumstances to pay Giesbrecht 10% of any gross recovery in the ODD Action and CRT Action that the estates may receive.

## **Relief Requested**

16. By this Motion, the Trustee seeks authority under sections 105(a) and 503(b)(1)(A) of the Bankruptcy Code, to pay Giesbrecht 10% of any gross recovery received by the Debtors' estates in the ODD Action and CRT Action.

17. In addition, to avoid the need and additional expense of filing additional motions to approve compensation for Giesbrecht that he may assist with for any other claim actions for which the Debtors' estates may receive recoveries, the Trustee seeks authority, but not direction, in his sole and absolute discretion, to pay Giesbrecht the same percentage-based

compensation for any future class action or similar claim recoveries that the Debtors' estates may receive, without the need for further court approval.

### Basis for Relief

18. Out of an abundance of caution, the Trustee brings this Motion to clarify the agreed terms of Giesbrecht's employment and compensation specifically regarding the ODD Action and CRT Action, and any future actions as noted above.

19. Section 105(a) of the Bankruptcy Code provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title . . . shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules.

11 U.S.C. § 105(a). Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Although not limitless, this section has also been construed to give bankruptcy courts authority to provide equitable relief appropriate to assure the orderly conduct of bankruptcy proceedings. *See, e.g., In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004). In addition, wages for post-petition services qualify as administrative claims entitled to priority under section 503(b)(1)(A). *See In re Continental Airlines, Inc.*, 148 B.R. 207, 212 (D. Del. 1992) (only wages for services rendered post-petition receive priority under section 503(b)(1)(A)); COLLIER ON BANKRUPTCY ¶ 503.06[7][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011) ("Those expenses for wages, salaries or commissions incurred postpetition

in an effort to preserve the estate or operate the debtor's business qualify as administrative expenses.").

20. As part of their duties in administering the estate, chapter 7 trustees often need the services of employees or independent contractors to operate, manage, or assist in winding down the Debtors' businesses. COLLIER ON BANKRUPTCY ¶ 503.06[7][b] ("If necessary to preserve the estate, the trustee or debtor in possession may hire employees to operate and manage the debtor's business. Employees may include the debtor's former personnel or the individual debtor. . . . In addition, retaining or hiring employees is often necessary in liquidating chapter 11 plans and in certain chapter 7 liquidations."). To induce those to serve post-petition and to help preserve the estate, payment for such services should qualify as an administrative expense entitled to priority under section 503(b)(1)(A).

21. The Trustee believes that the compensation requested herein, with which Giesbrecht agrees, is consistent with the prior orders entered by the Court regarding Giesbrecht's compensation, including the order approving the compensation for the DRAM Action. The Trustee submits that the requested relief is appropriate and necessary under the Bankruptcy Code in order to fairly compensate Giesbrecht for services rendered in connection with submission of claims in the ODD Action and CRT Action and any recoveries received, as well as approving the Trustee's authority to pay Giesbrecht the same percentage-based compensation for any future class action or similar claim recoveries that the Debtors' estates may receive, without the need for further court approval.

## Notice

22. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to

Bankruptcy Rule 2002; and (c) Giesbrecht. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## Conclusion

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion and enter an order, substantially in the form attached hereto, (i) authorizing the payment of the requested compensation to Giesbrecht; and (ii) and granting such other and further relief as is just and proper.

Dated: November 15, 2018         PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Michael R. Seidl (DE Bar No. 3889)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:     bsandler@pszjlaw.com
           mseidl@pszjlaw.com
           pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee